UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROBERT SLAYTON,

                            Plaintiff,

      -against-

THE CITY OF NEW YORK, SERGEANT SCOTT
HAUG, tax # 920178, POLICE OFFICER MICHAEL
LICATA, tax # 945919, POLICE OFFICER RAMIREZ,

                            Defendants.

------------------------------------------------------------------- x

**ORIGINAL**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 0 1 2009 ★
BROOKLYN OFFICE

**COMPLAINT**

Jury Trial Demanded

09 3780

GLASSER, J.
CARTER, M.J.

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on July 9, 2009, New York City Police Officers, acting in concert, arrested him without cause, assaulted and battered him, and made false allegations about him to the Kings County District Attorney's Office in violation of the Fourth and Sixth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false imprisonment, assault and battery.

4. A notice of claim was duly filed with the City of New York within 30 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Kings.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Sergeant Scott Haug, Police Officer Michael Licata, and Police Officer Ramirez are New York City Police Officers employed out of the 73rd Precinct. These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9. On July 9, 2009, at approximately 4:30 p.m., plaintiff, a driver for the United Parcel Service ("UPS"), was parked in front of an electronics store located at 428 Mother Gaston Boulevard in the Brownsville section of Brooklyn.

10. Plaintiff had just made a delivery to the electronics store and was sitting in the truck getting ready to drive to another destination.

11. At all relevant times, plaintiff was obeying the law.

12. At the above time and place, Sergeant Scott Haug, who was in a police car, pulled over to the driver's side of plaintiff's UPS truck and yelled words at him.

13. Plaintiff was unable to decipher what Sergeant Haug said because the UPS truck's diesel engine was loud and drowned out the words.

14. After he ceased yelling, Sergeant Haug pulled his car in front of plaintiff's truck, exited his car, walked over to plaintiff, and asked plaintiff to produce his driver's license.

15. In response, plaintiff went to the rear of the truck to obtain his wallet which contained his driver's license.

16. Plaintiff returned to the front of his truck and offered his driver's license to Sergeant Haug.

17. Sergeant Haug, who was speaking on the police radio at the time, ignored plaintiff and did not look at his license.

18. A few minutes later, several officers responded to the scene, including Police Officer Michael Licata and Police Officer Ramirez.

19. Officer Ramirez told plaintiff to exit his truck.

20. While Sergeant Haug looked on, Officers Licata and Ramirez seized plaintiff, handcuffed plaintiff excessively tight, and searched plaintiff without cause or consent.

21. Officer Ramirez then brought plaintiff over to his police car and placed him inside.

22. When plaintiff was inside the car, Officer Ramirez stated in sum and substance to plaintiff: "When the Sergeant tells you to do something, you listen to him."

23. Officers Licata and Ramirez drove plaintiff to the 73rd Precinct.

3

24. Officer Licata brought plaintiff inside the precinct, brought him in front of a desk officer, and placed him in a cell.

25. Approximately one hour later, Officer Licata fingerprinted and photographed plaintiff.

26. While plaintiff was incarcerated in the precinct, either Sergeant Haug, Officer Licata or Officer Ramirez, pursuant to a conspiracy, prepared police reports which falsely stated that plaintiff had committed a crime.

27. On July 9, 2009, at approximately 9:00 p.m., two unidentified officers took plaintiff to Brooklyn Central Booking.

28. Plaintiff was held under horrendous conditions in Brooklyn Central Booking. The cell in which plaintiff was held was severely overcrowded, filthy, and lacked a clean and adequate toilet.

29. While plaintiff was incarcerated in Brooklyn Central Booking, either Sergeant Haug, Officer Licata or Officer Ramirez, pursuant to a conspiracy, misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

30. On July 10, 2009, at approximately 6:00 a.m., plaintiff was released from Brooklyn Central Booking because the District Attorney's Office declined prosecution.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, damage to reputation, emotional distress, mental anguish, fear, anxiety, and humiliation. Plaintiff also lost approximately $150 in overtime pay and had marks and indentations on his wrists from the excessively tight handcuffs.

## FIRST CLAIM

### (FALSE ARREST AND IMPRISONMENT)

32. Plaintiff repeats the foregoing allegations.

33. Because defendants, acting in concert, arrested plaintiff without probable cause, defendants are liable under the Fourth Amendment and state law for false arrest and false imprisonment.

## SECOND CLAIM

### (ASSAULT AND BATTERY)

34. Plaintiff repeats the foregoing allegations.

35. Because plaintiff was handcuffed excessively tight and searched without cause or consent, defendants are liable under New York state law for assault and battery.

## THIRD CLAIM

### (FABRICATION OF EVIDENCE)

36. Plaintiff repeats the foregoing allegations.

37. Because Sergeant Haug, Officer Licata or Officer Ramirez, pursuant to a conspiracy, made false allegations about plaintiff to the Kings County District Attorney's Office in an attempt to have plaintiff prosecuted, defendants are liable under the Sixth Amendment for fabrication of evidence.

## FOURTH CLAIM

### (MONELL V. DEPT. OF SOCIAL SERVICES)

38. Plaintiff repeats the foregoing allegations.

39. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

40. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

41. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

42. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

43. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

44. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth and Sixth Amendments.

## FIFTH CLAIM

### (RESPONDEAT SUPERIOR)

45. Plaintiff repeats the foregoing allegations.

46. Sergeant Haug, Officer Licata and Officer Ramirez were acting within the scope of their employment as New York City Police Officers when they arrested plaintiff without probable cause and assaulted and battered him.

47. The City of New York is therefore vicariously liable under state law for false imprisonment, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

  c. Attorney's fees and costs;

  d. Such other and further relief as this Court may deem just and proper.

DATED: August 14, 2009
     Brooklyn, New York

             _____
             RICHARD J. CARDINALE
             Attorney at Law
             26 Court Street, Suite 1815
             Brooklyn, New York 11242
             (718) 624-9391

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT SLAYTON,

                                                         Plaintiff,

            -against-

THE CITY OF NEW YORK, SERGEANT SCOTT
HAUG, tax # 920178, POLICE OFFICER MICHAEL
LICATA, tax # 945919, POLICE OFFICER RAMIREZ,

                                                      Defendants.

------------------------------------------------------------------------ x

## **COMPLAINT**

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391